CELINDA R. JACKSON AND SAMUEL C. KNAPP, APPELLANTS, *v.* JASON G. ATWATER AS ADMINISTRATOR, ETC., OF GILBERT LOCKWOOD, DECEASED, RESPONDENT.

*Life estate— charges upon—when a legacy is to be paid from the interest of the estate and not from the principal.*

APPEAL from the decree of the surrogate of Cayuga county, made in the matter of the final accounting of Hannah Lockwood, administratrix of Gilbert Lookwood, deceased. Since the accounting Hannah has died, and the respondent has been appointed administrator, etc., in her place.

April 10, 1874, Gilbert Lockwood made his will and died, leaving his widow him surviving.

He owned real estate, and had some personal property. His will contained this provision, viz. : " I give and bequeath to my wife, Hannah Lockwood, all my estate, both real and personal, to her sole use and benefit during her natural life, and to her legal heirs at her death, she to provide home and suitable maintenance to Eleanor A. Bradt, and to give her the interest on $4,000 each year during the life of said Eleanor Amanda Bradt."

The widow, Hannah Lockwood, as administratrix with the will annexed, filed her account with the surrogate August 28, 1878. The surrogate charged her $7,758.75, and allowed her $5,678.22, leaving a balance in her hands of $2,080.53 ; among other credits the surrogate allowed her four several payments to Eleanor A. Bradt of $280, each called annuity, amounting in all to $1,120.

With reference to this the court, at General Term, said : " We come now to consider the will of the deceased in two aspects. The essential words brought in review are as follows, viz.: ' I give and bequeath to my wife, Hannah Lockwood, all my estate, both real and personal, for her sole use and benefit during her natural life, and to her legal heirs at her death, she to provide home and suitable maintenance to Eleanor A. Bradt, and to give *her the interest* on $4,000 each year during the life of said Eleanor

Amanda Bradt.' It most clearly carried to the widow a life·
estate in the realty and the .use of the personalty, subject, how-
ever, to the charge for a 'home and suitable maintenance' to E..
A. Bradt during the life of the widow.

Apparently it was intended she should continue to share the·
·'home and maintenance' out of the property. It also pro--
vided for the payment of *the interest* on $4,000 to Miss Bradt..

"The words are apt and appropriate to carry the interest or·
income on $4,000, and do not provide for an annuity. (*Booth* v.
*Ammerman*, 4 Bradf., 129.) As .long as the widow continued to·
live she was to ."give " or pay over the interest or income on $4,000
of the property embraced in the testator's bequest of a life estate.

"The language in terms does not authorize breaking *into* the·
principal to pay the interest or income 'on $4,000.' Nor do the
circumstances disclosed by the case authorize us to impute to the·
testator any intention to have the capital or body of his estate
broken into for the purpose of paying 'the interest on $4,000.'

"The language seems to provide that the interest should be
paid to Miss B. on the $4,000 each year during her natural life.
But as that question is not necessarily involved here, we express·
no opinion conclusively upon it.

"We must, however, decide that the will does not allow the·
interest to be paid out of the principal of the fund left by the·
testator, and because such would be the effect of allowing the
credit of $1,120 to the administratrix, for four several years of.
interest, we must declare that the surrogate fell into an error in
allowing the items for payment of interest 'on $4,000' to Miss
Bradt. (*Swaine* v. *Perine*, 5 Johns. Chy., 491; *Clason* v. *Law-
rence*, 3 Edw. Chy., 48.)

"There is nothing in the language of the will or the surround-
ing circumstances which authorizes us to infer that the bequest
to Miss Bradt was intended to be in satisfaction for services for
which the testator had agreed to pay. We might speculate and
surmise upon that subject, but the will does not declare any such
intention. Nor do the circumstances surrounding the ·parties
naturally and conclusively lead to such an inference and deduction.
(*Williams* v. *Crary*, 8 Cow., 246; *S. C.*, 4 Wend., 443; *Bough--
ton et al.* v. *Flint*, 74 N. Y., 482.)

*Henry A. Maynard*, for the appellants. *W. E. Hughitt*, for the respondent.

Opinion by HARDIN. J.; TALCOTT, P. J., and SMITH, J., con-curred.

So much of the decree of the surrogate as credits the admin-istratrix with the sum of $1,120 paid Eleanor A. Bradt reversed, and proceedings remitted to the surrogate of Cayuga county, with instructions to amend his decree accordingly, and as so amended, his decree is affirmed; the costs of both parties on this appeal to be paid out of the fund.